UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **JORDAN OUTDOOR ENTERPRISES, LTD.,** | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | **Civil Action No. 4:18-cv-00053** |
| | ) | |
| **YEEZY APPAREL, LLC, and** | ) | |
| **UNKNWN, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION, AND UNFAIR COMPETITION

Plaintiff Jordan Outdoor Enterprises, Ltd. ("JOEL"), by and through its undersigned attorneys, as and for its complaint against Defendants Yeezy Apparel, LLC and UNKNWN, LLC (together, "Defendants"), alleges as follows:

### PARTIES

1.      JOEL is a Georgia corporation having its principal place of business at 1390 Box Circle, Columbus, Georgia 31907.  JOEL is a leader in the camouflage industry with over 2,000 licensees selling various products bearing JOEL's copyrighted patterns and using JOEL's trademarks.

2.      Defendant Yeezy Apparel, LLC ("YAL") is a limited liability company with its principal place of business located at 26632 Agoura Road, Calabasas, California 91302 and whose sole "member and manager" is individual Kanye West, who, on information and belief is

a resident of California.  Defendant YAL may be served with process at Paracorp Inc., 2804 Gateway Oaks Drive #100, Sacramento, California 95833.

3.      Defendant UNKNWN, LLC ("UNKNWN") is a limited liability company with its principal place of business located at 2001 Hollywood Boulevard, Suite 206, Hollywood, Florida 33020.  Defendant UNKNWN may be served with process at CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, and 1338; 15 U.S.C. § 1121; and supplemental jurisdiction over JOEL's additional claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to JOEL's federal copyright claims, over which this Court has original jurisdiction, that the additional claims form part of the same case or controversy under Article III of the United States Constitution.

5.      This Court has personal jurisdiction over Defendant YAL, because YAL operates a fully-interactive website, https://yeezysupply.com, which allows consumers and businesses residing in Georgia to place orders and purchase the infringing items at issue in this action.  For example, as a result of that website, on information and belief, YAL sells, ships, and has sold and shipped infringing items to Georgia residents located within the State of Georgia and within this District, and YAL derives substantial revenue from Georgia residents.  Pursuant to at least O.C.G.A. § 9-10-91(1), this Court has specific personal jurisdiction over YAL for the causes of action set forth herein.

6.      This Court has personal jurisdiction over Defendant UNKNWN, because

UNKNWN operates a fully-interactive website, www.unknwn.com, which allows consumers and businesses residing in Georgia to place orders and purchase the infringing items at issue in this action.  For example, as a result of that website, on information and belief, UNKNWN sells, ships, and has sold and shipped infringing items to Georgia residents located within the State of Georgia and within this District, and UNKNWN derives substantial revenue from Georgia residents.  Pursuant to at least O.C.G.A. § 9-10-91(1), this Court has specific personal jurisdiction over UNKNWN for the causes of action set forth herein.

7.    Venue is proper in this District and Division under 28 U.S.C. §§ 1391, 1400, and LR 3.4, MDGa., because a substantial part of the events and injury giving rise to JOEL's claims have occurred and continue to occur in this District, and JOEL resides in this Division.

## JOEL'S TRADEMARKS AND COPYRIGHTS

8.    JOEL owns all right, title and interest in the Realtree® line of camouflage patterns.  The Realtree® camouflage patterns are among the most famous and well-known camouflage patterns in the camouflage industry in the United States and throughout the world.

9.    Since at least as early as September 1985, JOEL, its predecessors in interests, and its licensees have used the trademark Realtree® on various types of goods that incorporate camouflage patterns thereon, including soft goods such as fabrics and hard goods having hard surfaces.  JOEL and its licensees have extensively promoted goods bearing the Realtree® trademark in print and television advertising and otherwise.

10.    JOEL owns all right, title, and interest in the REALTREE® trademark, which is registered on the principal trademark register at the United States Patent and Trademark Office, U.S. Trademark Reg. No. 2,206,463.  JOEL also owns all rights, titles, and interests in the

ADVANTAGE CLASSIC®, REALTREE AP®, and REALTREE HARDWOODS® trademarks, which are registered on the principal trademark register at the United States Patent and Trademark Office, U.S. Trademark Reg. Nos. 2,649,847; 4,680,746; and 2,267,415. The aforementioned trademark registration certificates are attached hereto as Exhibit 1.

       11.     JOEL owns all right, title, and interest in an original pattern design entitled "ADVANTAGE CAMOUFLAGE" pattern. The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. VA 626-154 on March 8, 1994; a copy of that Copyright Registration is attached hereto as Exhibit 2. JOEL refers to this copyrighted work as the REALTREE® ADVANTAGE CLASSIC® Camouflage pattern. JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern. A sample repeat of the REALTREE® ADVANTAGE CLASSIC® Camouflage pattern is shown below:



       12.     JOEL owns all right, title, and interest in an original pattern design entitled "ALL-PURPOSE HIGH DEFINITION" pattern. The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No. VAu695-380 on April 24,

2006; a copy of that Copyright Registration is attached hereto as Exhibit 3.  JOEL refers to this copyrighted work as the REALTREE® AP® Camouflage pattern.  JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern.  A sample repeat of the REALTREE® AP® Camouflage pattern from the Realtree website is shown below:



13.     As shown above, the sample repeat of the REALTREE® AP® Camouflage pattern from the Realtree website includes both the REALTREE® and AP® marks, including the notice of registration of each.

14.     JOEL owns all right, title, and interest in an original pattern design entitled the "HIGH DEFINITION REALTREE HARDWOODS CAMOUFLAGE" pattern.  The pattern was registered in the United States Copyright Office under Certificate of Copyright Registration No.

VAu 529-869 on June 12, 2001.  JOEL refers to this copyrighted work as the REALTREE HARDWOODS HD® pattern; a copy of that Copyright Registration is attached hereto as Exhibit 4.  JOEL has published the pattern covered by the copyright and registration by selling, publicly distributing, and licensing products bearing the pattern.  A sample repeat of the REALTREE HARDWOODS HD® pattern from the Realtree website is shown below:



15.     As shown above, the sample repeat of the REALTREE® HARDWOODS® Camouflage pattern from the Realtree website includes both the REALTREE® and HARDWOODS® marks, including the notice of registration of each.

<u>**DEFENDANTS' CONDUCT – YAL**</u>

16.     Defendant YAL imports, sells, and/or offers for sale clothing and apparel, such as shoes and boots.  Defendant YAL imports, sells, and/or offers for sale products bearing at least

one of JOEL's copyrighted camouflage patterns, and without the authorization of JOEL.

17.    In the "Terms and Conditions" section of YAL's website, YAL misleadingly and falsely represents:

> ALL SITE CONTENT AND ALL MATERIALS AND CONTENT CONTAINED WITHIN THE WEBSITE, INCLUDING BUT NOT LIMITED TO THE TEXT, GRAPHICS, LOGOS, ICONS, IMAGES, AUDIO CLIPS, VIDEO CLIPS, ARTICLES, POSTS AND DATA APPEARING ON THE WEBSITE, ARE OWNED BY US, OR USED BY US UNDER AUTHORIZATION, AND ARE PROTECTED BY U.S. AND FOREIGN TRADEMARK AND COPYRIGHT LAWS.

(Exhibit 5).

18.    Defendant YAL is not authorized to use, nor does it own, any of the JOEL copyrights or trademarks at issue in this action.

19.    Furthermore, on information and belief, YAL is aware that JOEL owns a valid copyright in the camouflage patterns.  On or about March 2016, a representative of YAL contacted JOEL regarding use of JOEL's camouflage patterns.  JOEL informed the YAL representative that YAL would need to complete and submit a licensing application for approval before using any of JOEL's camouflage patterns.  On information and belief, YAL never submitted an application to JOEL.  Nevertheless, and without JOEL's authorization, YAL proceeded to copy JOEL's protected camouflage patterns and falsify, remove, and alter JOEL's copyright management information.

20.    Specifically, YAL imports, sells, and/or offers for sale camouflage products that bear unauthorized copies of JOEL's copyrighted patterns thereon, as described below. Defendant YAL's "Camouflage Boxy Fit Hoodie" bears an unauthorized copy of the REALTREE® ADVANTAGE CLASSIC® Camouflage pattern.  Defendant YAL's "CANVAS

TUBULAR THIGH HIGH BOOTS," "CARGO PANT," "HOODED BOMBER," "LONG SLEEVE T SHIRT," "MENS CANVAS MILITARY BOOT," and "TRACKPANTS" each bear unauthorized copies of the REALTREE® AP® Camouflage pattern.  Defendant YAL's "MOTO LONG SLEEVE T-SHIRT" bears an unauthorized copy of the REALTREE® HARDWOODS® Camouflage pattern.   Each of those infringing products is shown below, which identify exemplary portions of JOEL's copyrighted patterns copied by YAL:

| Infringing YAL Product | JOEL's Copyrighted Pattern |
|---|---|
| CAMOUFLAGE BOXY FIT HOODIE | Realtree® Advantage Classic® Camouflage pattern: |



(Exhibit 6)

CANVAS TUBULAR THIGH HIGH BOOTS

Realtree® AP® Camouflage pattern:



(Exhibit 7)

CARGO PANT

Realtree® AP® Camouflage pattern:



(Exhibit 8)

HOODED BOMBER

Realtree® AP® Camouflage pattern:



(Exhibit 9)



LONG SLEEVE T SHIRT

Realtree® AP® Camouflage pattern:

(Exhibit 10)

MENS CANVAS MILITARY BOOT

Realtree® AP® Camouflage pattern:

(Exhibit 11)

MOTO LONG SLEEVE T-SHIRT

Realtree® Hardwoods® Camouflage pattern (shown upside down):



(Exhibit 12)

TRACKPANTS

Realtree® AP® Camouflage pattern:



(Exhibit 13)

21.     Defendant YAL promotes and sells the infringing clothing and apparel identified

above via third parties who appear in public wearing the infringing items, for example:

ⓘ wantherstyle.blogspot.com/2018/01/kim-kardashian-in-khaki-camo-print.html



## Kim Kardashian in khaki camo print pants and khaki top on January 12

📅 Saturday, January 13, 2018   👤 wantherstyle

🏷 celebrity fashion, fashion, kim kardashian, pants, streetstyle, track pants, what she wore, yeezy

💬 No comments



Kim Kardashian at Topanga mall on January 12 2018

WHAT SHE WORE: Kim wore khaki green top, khaki camouflage pants from Yeezy and black ankle Yeezy boots

1:47:17 PM 3/8/2018

22.    YAL's aforementioned products utilize numerous elements copied from the above-identified JOEL camouflage patterns with the JOEL trademarks removed.   Prior to unlawfully copying JOEL's camouflage pattern, YAL removed the "REALTREE," "AP," and/or "HARDWOODS" marks from the image of the REALTREE® AP® Camouflage pattern and the REALTREE® HARDWOODS® Camouflage pattern, including the notice of registration of each of those marks.

23.    YAL incorporated JOEL's copyrighted camouflage patterns on its products without license or authorization from JOEL. YAL is not a licensee of JOEL in any manner whatsoever.

## DEFENDANTS' CONDUCT – UNKNWN

24.    Defendant UNKNWN is a seller of Defendant YAL's "YEEZY" line of products that infringe at least one of the JOEL copyrights, including at least the YEEZY "CARGO PANT," "LONG SLEEVE JERSEY T-SHIRT," "MENS BOOTS," and "MOTO LONG SLEEVE T-SHIRT" as shown below:



(Exhibit 14)



(Exhibit 15)



(Exhibit 16)



(Exhibit 12)

25.     The aforementioned products offered and sold by Defendant UNKNWN copy numerous elements from the above-identified JOEL camouflage patterns and with the JOEL trademarks removed.   UNKNWN is selling and has sold JOEL's copyrighted camouflage patterns on products without license or authorization from JOEL.  UNKNWN is not a licensee of JOEL in any manner whatsoever.

<u>COUNT I</u>
<u>COPYRIGHT INFRINGEMENT</u>

26.     JOEL repeats and incorporates by reference all of the averments set forth above as though fully set forth herein.

27.     By reproducing JOEL's copyrighted camouflage pattern on certain of their products, YAL has committed an act that violates JOEL's exclusive right to reproduce its copyrighted works pursuant to 17 U.S.C. § 106(1).  These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

28.     To the extent that the patterns displayed on the YAL products are in any way different from a camouflage pattern that is copyrighted by JOEL, the resultant work is a violation of JOEL's exclusive right to prepare derivative works pursuant to 17 U.S.C. § 106(2).  These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

29.     By distributing products bearing JOEL's copyrighted camouflage patterns thereon, YAL has violated JOEL's exclusive right to distribute its copyrighted works pursuant to 17 U.S.C. § 106(3).  These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

30.     By distributing products bearing JOEL's copyrighted camouflage patterns thereon, UNKNWN has violated JOEL's exclusive right to distribute its copyrighted works pursuant to 17 U.S.C. § 106(3).  These acts constitute copyright infringement in violation of 17 U.S.C. § 501.

31.     On information and belief, Defendants performed the aforesaid acts of infringement of JOEL's copyrights with knowledge and in disregard of JOEL's rights therein.

32.     The aforesaid acts have irreparably damaged JOEL and will continue to

irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

33.     JOEL repeats and incorporates by reference all of the averments set forth above as though fully set forth herein.

34.     The JOEL copyrighted camouflage patterns are unique, and have been offered by JOEL for many years.

35.     The aforesaid acts tend to represent falsely that Defendants are affiliated, connected, associated with, or authorized by JOEL, or the reverse.  The aforesaid acts also tend to describe falsely that the products offered by Defendants emanate from or are sponsored by or approved by JOEL, or the reverse.  The aforesaid acts also tend to cause confusion as to the origin of the goods or services.  All of these acts constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     On information and belief, Defendants committed the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

37.     The aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

<u>COUNT III</u>
<u>REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION</u>
<u>(17 U.S.C. § 1202)</u>

38.    Defendant YAL has, knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false or distributed or imported for distribution copyright management information that is false.  For example, the "Terms and Conditions" of YAL's website enables, facilitates, or conceals infringement by misleadingly and falsely representing that "ALL MATERIAL AND CONTENT CONTAINED WITHIN THE WEBSITE. . . ARE OWNED BY US, OR USED BY US UNDER AUTHORIZATION, AND ARE PROTECTED BY U.S. AND FOREIGN TRADEMARK AND COPYRIGHT LAWS."  Therefore, Defendant YAL has violated 17 U.S.C. § 1202(a).

39.    Defendant YAL has, without the authority of JOEL or the law, intentionally removed or altered copyright management information.  Said copyright management information in the form of the REALTREE®, AP®, and HARDWOODS® marks appearing on JOEL's camouflage patterns, including the notice of registration of each mark, was removed by YAL from the copies of the JOEL camouflage patterns at issue.  Therefore, Defendant YAL has violated 17 U.S.C. § 1202(b)(1).

40.    All Defendants have, without the authority of JOEL or the law, distributed and/or imported for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law.  Therefore, all Defendants have violated 17 U.S.C. § 1202(b)(2).

41.    Pursuant to 17 U.S.C. § 1203, JOEL seeks injunctive relief, impoundment of infringing products, damages, costs, reasonable attorneys' fees, and remedial modification or

destruction of the infringing products.

**COUNT IV**
**UNFAIR COMPETITION UNDER GEORGIA LAW**

42.     JOEL repeats and incorporates by reference all of the averments set forth above as though fully set forth herein.

43.     The JOEL copyrighted camouflage patterns are unique, and have been offered by JOEL for many years.

44.     The aforesaid acts tend to represent falsely that Defendants are affiliated, connected, associated with, or authorized by JOEL, or the reverse.  The aforesaid acts also tend to describe falsely that products offered by Defendants emanate from or are sponsored by or approved by JOEL, or the reverse.  By reason of the foregoing, Defendants have engaged, and are continuing to engage, in acts of passing off Defendants' goods as those of JOEL which constitutes unfair competition in violation of O.C.G.A. § 23-2-55.

45.     On information and belief, Defendants committed the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

46.     The aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

47.    JOEL repeats and incorporates by reference all of the averments set forth above as though fully set forth herein.

48.    The JOEL copyrighted camouflage patterns are unique, and have been offered by JOEL for many years.

49.    The aforesaid acts constitute unfair competition in violation of the common law in the state of Georgia in that:

      (a)    the acts enable Defendants to obtain the benefit of, and trade on, the goodwill of JOEL;

      (b)    the acts damage JOEL's goodwill in that JOEL has no control over the business of Defendants;

      (c)    the acts are likely to cause confusion, mistake, or deception; and

      (d)    the acts will result in the unjust enrichment of Defendants.

50.    On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

51.    The aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

## COUNT VI
## GEORGIA DECEPTIVE TRADE PRACTICES ACT

52.     JOEL repeats and incorporates by reference all of the averments set forth above as though fully set forth herein.

53.     The JOEL copyrighted camouflage patterns are unique, and have been offered by JOEL for many years.

54.     By reason of the foregoing acts, Defendants have violated the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-371 *et seq.*

55.     On information and belief, Defendants did the aforesaid acts with knowledge and in disregard of JOEL's rights therein.

56.     The aforesaid acts have irreparably damaged JOEL and will continue to irreparably damage JOEL unless enjoined by this Court, as a result of which JOEL is without an adequate remedy at law.

26

## JURY DEMAND

57.     JOEL demands a trial by jury on all disputed issues so triable.


## PRAYER FOR RELIEF

WHEREFORE, JOEL prays that:

A.     Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with them, or any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from:

   1.     infringing JOEL's copyrights;

   2.     copying or otherwise reproducing in whole or in part JOEL's copyrighted designs or derivatives thereof;

   3.     manufacturing, marketing, distributing, displaying, importing, exporting, selling, or offering for sale products bearing a copyrighted camouflage pattern of JOEL, or derivatives thereof;

   4.     making any statement or representation whatsoever with respect to the goods at issue that either falsely designates JOEL as the origin of the goods or is otherwise false or misleading;

   5.     any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendant or Defendant's goods and services with JOEL or JOEL's goods and services;

6.     Falsifying, removing, or altering JOEL's copyright management information in violation of 17 U.S.C. § 1202;

7.     competing unfairly with JOEL in any manner;

8.     engaging in any other activity, including the effectuation of assignments or transfers of interests in counterfeits, simulations, reproductions, copies, derivative works, or colorable imitations of JOEL's copyrighted patterns, trademarks, or any other intellectual property of JOEL, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions herein.

B.    That Defendants deliver up during the pendency of this action and for destruction upon entry of judgment:

1.     All products bearing JOEL's copyrighted patterns, derivative works thereof, and/or any other intellectual property of JOEL;

2.     any and all substantially similar materials manufactured, distributed, marketed, and/or sold by or on behalf of Defendants; and

3.     any and all copies of materials used by Defendants to advertise, promote, and/or solicit sales for Defendants' products.

C.    That Defendants be ordered to pay JOEL all profits realized by Defendants by reason of the unlawful actions as set forth herein.

D.    That Defendants be ordered to pay JOEL all damages suffered, including statutory or actual damages at JOEL's election and in accordance with 17 U.S.C. §§

504(c) and 1203 by reason of Defendants' acts of copyright infringement and acts harmful to JOEL's copyright management information as set forth herein.

E.     That Defendants be ordered to pay JOEL three (3) times the damages suffered by JOEL by reason of Defendants' willful, unlawful actions as set forth herein.

F.     That Defendants' be ordered to pay JOEL punitive damages as provided by law.

G.     That Defendants' be ordered to pay JOEL the cost of this action and reasonable attorney's fees and investigatory fees.

H.     That Defendants' be ordered to pay JOEL prejudgment interest.

I.     That JOEL has such other and further relief as this Court may deem just and proper.


Date:   March 15, 2018                    Respectfully submitted,


                                          /s/ Daniel J. Warren
                                          Daniel J. Warren
                                          Georgia Bar No. 738,240
                                          Ann G. Fort
                                          Georgia Bar No. 269,995
                                          Robert R.L. Kohse
                                          Georgia Bar No. 863748
                                          Eversheds Sutherland (US) LLP
                                          999 Peachtree Street, N.E., Suite 2300
                                          Atlanta, Georgia  30309-3996
                                          Telephone: (404) 853-8000
                                          Facsimile: (404) 853-8806
                                          E-mail: danielwarren@eversheds-sutherland.com
                                                  annfort@eversheds-sutherland.com
                                                  robkohse@eversheds-sutherland.com

*Counsel for Plaintiff*
*Jordan Outdoor Enterprises, Ltd.*